UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**In re:**

Rule 27(a)(3) Petition for Pre-Suit Discovery

and Preservation of Evidence by

**Joseph Anthony Reyna, Petitioner**

**25 CV 6777**

RECEIVED AUG 1 4 2025 PRO SE OFFICE

---

## SUPPLEMENTAL MOTION IN SUPPORT OF RULE 27 PETITION

*(Constructive Trust, Metadata Suppression, and Anticipatory Spoliation Framework)*

---

**TO THE HONORABLE COURT:**

Petitioner **Joseph Anthony Reyna** respectfully submits this Supplemental Motion in further support of his pending Rule 27 Petition. This Motion seeks the Court's intervention to preserve digital evidence, authorship metadata, and attribution records across relevant platforms prior to anticipated deletion, suppression, or tampering.

1

## I. PURPOSE OF THIS SUPPLEMENT

This Motion does not seek to initiate litigation prematurely. It seeks to prevent the destruction of core evidence that would render litigation itself futile.

Petitioner submits this filing based on the following observed facts:

- Coordinated retaliation occurring shortly after legal filings;

- Persistent misattribution and distortion of authorship metadata, resulting in economic and reputational harm;

- Interference across multiple digital platforms affecting authorship access and public attribution;

- Institutional silence despite formal legal notice and pre-suit warnings.

The attached exhibits and legal authorities demonstrate not only concrete harm, but systemic patterns indicating risk of **imminent spoliation, constructive fraud,** and **authorship erasure**—raising issues of significant public interest under both New York and federal law.

---

## II. VERIFIED EVIDENCE INCLUDED IN EXHIBITS

### A. Harassment and Retaliation Patterns

- Burner accounts referencing Rule 27 filings within 48 hours;

- Targeted mockery of disability status and legal proceedings;

- Thread deletions that remove context and obstruct transparency.

## B. Metadata Suppression and Misattribution

- Screenshots showing Petitioner's original works misattributed to unrelated entities (e.g., Artem Pinashin);
- Suppressed visibility of Petitioner's work across Spotify, YouTube, SoundCloud;
- Algorithmic tagging inconsistencies and bypassed attribution fields.

## C. Impersonation and Mimicry Accounts

- AI-mimicked language patterns duplicating Petitioner's tone;
- Side-by-side reposting of content to confuse attribution and deflate public legitimacy.

## D. Cross-Platform Interference

- Suspicious correlations between ad targeting, playlist denial, and harassment tied to court filing timestamps;
- Behavior consistent with metadata surveillance or anticipatory targeting based on legal engagement.

## E. Deletion and Spoliation Patterns

- Missing replies and partial erasure of threads;

3

- "Screenshots in case you delete it" language indicating preservation consciousness among third parties;

- Preemptive deletion consistent with reputational cleanup or legal exposure mitigation.

## III. JURISDICTIONAL AND PROCEDURAL READINESS

Petitioner has satisfied all thresholds for Rule 27:

- Multiple federal FOIA filings have been submitted;

- Formal pre-suit notices served to platforms, counsel, and agencies;

- Ongoing public-interest amicus briefs filed in related federal litigation;

- Whistleblower and ADA-protected activity documented.

Standing is not speculative. It is supported by real-time evidence, government correspondence, and pattern-based injury resulting in actual economic harm, reputational damage, and authorship suppression.

## IV. LEGAL FRAMEWORKS AND AUTHORITIES INVOKED

**1. Rule 27(a)(3), Fed. R. Civ. P.** – Authorizes pre-suit preservation where delay would defeat the administration of justice.

4

**2. Constructive Trust (New York Common Law)** – *Sharp v. Kosmalski*, 40 N.Y.2d 119 (1976):

Royalty misdirection and metadata suppression meet the threshold of unjust enrichment, reliance, and breach of implicit trust.

**3. Ecclesiastical Trust Principle** – Silence by a party with superior access to information, after receiving formal notice, may constitute a breach of fiduciary and moral duty.

**4. NY GBL § 349 (Deceptive Practices Statute)** – Requires no reliance. Public-facing digital misrepresentation or omission qualifies as a deceptive act when notice has been served.

**5. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003):**

Preservation duties arise when litigation is reasonably anticipated—not after it formally begins.

**6. Canon of Equity** – "Equity regards as done that which ought to be done." Pre-suit metadata preservation is the equitable remedy where suppression is imminent.

**7. Black's Law – Instrumentality Doctrine**

Metadata functions as the mechanism of attribution and value in digital authorship. Suppression of metadata equals suppression of economic and legal rights.

**8. U.S. Const., Amends. I & XIV – Right to Petition, Equal Protection**

Retaliation following protected petitioning activity (e.g., Rule 27 filings) invokes strict scrutiny and strengthens the need for preservation.

---

## V. ANTICIPATED REBUTTALS AND PREEMPTIONS

| Likely Objection | Rebuttal |
| --- | --- |
| "This appears speculative or conspiratorial." | No conspiracy is alleged. This motion references verifiable timing patterns and deletion behavior following court filings. |
| "Screenshots are inadmissible hearsay." | Exhibits are not offered as conclusive trial evidence. They support probable cause for subpoenas and Rule 27 preservation. |
| "Petitioner lacks standing." | Petitioner is a documented victim of suppression, metadata fraud, and institutional evasion. He is actively engaged in federal proceedings. |
| "There is no urgency." | Timestamps confirm evidence disappears within 24–48 hours of filings. Rule 27 is designed precisely to intervene in such scenarios. |
| "This is performative or political." | Over a dozen federal filings, regulatory complaints, and suppressed works are at issue. Petitioner seeks evidentiary preservation, not spectacle. |

6

## VI. PSYCHOLOGICAL AND STRUCTURAL SIGNALING

This Motion signals three core truths:

- Petitioner possesses documented evidence of metadata suppression and cross-platform interference;

- He has exercised all reasonable pre-litigation steps, including formal notice and whistleblower reporting;

- He does not seek attention, but resolution. If forced into silence, it will be systemic—not voluntary.

The Court's intervention here is not a reward. It is a structural safeguard.

---

## VII. RELIEF REQUESTED

Petitioner respectfully requests the following:

1. **Judicial Notice** of the attached patterns, timelines, and retaliatory behaviors;

2. **Immediate Preservation Order** covering implicated digital platforms (e.g., X/Twitter, Spotify, YouTube, LinkedIn, Google);

3. **Leave to Serve Limited Subpoenas** or utilize a third-party escrow to safeguard relevant metadata;

4. **Protective Order** barring deletion, spoofing, or anonymity-shielding of accounts linked to Petitioner's digital authorship;

7

5. **Leave to File Exhibits Under Seal** or via encrypted media (due to volume, sensitivity, and forensic relevance).

---

## VIII. CLOSING AFFIRMATION

Under penalty of perjury, Petitioner affirms that the factual basis for this Supplemental Motion is drawn from direct experience, preserved digital records, timestamped communications, and forensic documentation.

"This Petition is not a cry for attention, but a disciplined effort to preserve the very evidence that could vindicate authorship, integrity, and truth. Without judicial preservation, justice itself risks deletion."

Respectfully submitted,

**Joseph Anthony Reyna**

Pro Se Petitioner

5900 Balcones Dr #16077

Austin, TX 78731

whitehat@joecattt.com

(956) 202-5580

Dated: August 8, 2025

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

**In re:**

Rule 27(a)(3) Petition for Pre-Suit Discovery

and Preservation of Evidence by

**Joseph Anthony Reyna, Petitioner**

---

**CERTIFICATE OF SERVICE**

I, **Joseph Anthony Reyna**, certify under penalty of perjury that on the date set forth below, I caused a true and correct copy of the following document(s) to be served:

- **Supplemental Motion in Support of Rule 27 Petition** (Constructive Trust, Metadata Suppression, and Anticipatory Spoliation Framework)

- Notice of Intent to Preserve and Subpoena Metadata

- Accompanying Verified Statement and Legal Attachments

to be served upon the following counsel for potential respondents via **United States Mail (Certified):** 9589 0710 5270 1991 3157 29

9

**Willkie Farr & Gallagher LLP**

Attn: Michael Gottlieb, Esq.

787 Seventh Avenue

New York, NY 10019

Tel: (212) 728-8000

This service is made in anticipation of related litigation and metadata preservation obligations, consistent with Rule 27 of the Federal Rules of Civil Procedure.

Dated: August 8, 2025

Austin, Texas

Respectfully submitted,

/s/ **Joseph Anthony Reyna**

Joseph Anthony Reyna

Pro Se Petitioner

5900 Balcones Dr #16077

Austin, TX 78731

whitehat@joecattt.com

(956) 202-5580

## SWORN STATEMENT OF SERVICE

I, **Joseph Anthony Reyna**, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

1. I am the Petitioner in the above-captioned matter.

2. On **August 8, 2025**, I deposited a certified mail envelope addressed to:

Willkie Farr & Gallagher LLP

Attn: Michael Gottlieb, Esq.

787 Seventh Avenue

New York, NY 10019

containing a true and correct copy of the **Supplemental Motion in Support of Rule 27 Petition**, together with relevant attachments.

3. The envelope was mailed from the **United States Postal Service** location at or near Austin, Texas.

4. A certified mail tracking number will be retained as proof of mailing.

Executed on this 8th day of August, 2025

Location: Austin, Texas

**/s/ Joseph Anthony Reyna**

Joseph Anthony Reyna

Pro Se Petitioner

5270 1991 3157 12

AT TOP OF ENVELOPE TO THE RIGHT
IN ADDRESS, FOLD AT DOTTED LINE

...FIED MAIL

5270 1991 3157 12

Retail

U.S. POSTAGE PAID
PM
BUDA, TX 78610
AUG 08, 2025

UNITED STATES POSTAL SERVICE

10007

$22.45

S2324H500550-08

RDC 03

RECEIVED
AUG 12 2025
CLERK'S OFFICE
S.D.N.Y.

RECEIVED
AUG 14 2025
PRO SE OFFICE

Pro Se
SDNY
500 Pearl St.
New York, NY 10007