UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH ANTHONY REYNA,

Plaintiff,

-against-

AUBREY DRAKE GRAHAM,

Defendant.

1:25-CV-6777 (LLS)

ORDER OF DISMISSAL
AND TO SHOW CAUSE
UNDER 28 U.S.C. § 1651

LOUIS L. STANTON, United States District Judge:

Plaintiff Joseph Anthony Reyna, of Austin, Texas, initiated this *pro se* action ostensibly as a petition to perpetuate testimony brought under Rule 27 of the Federal Rules of Civil Procedure ("Rule 27"). The present action seemingly began as Plaintiff's effort to procure information, via Rule 27, but not testimony specifically, or not testimony at all, from Aubrey Drake Graham, a recording artist also known as "Drake," in supposed contemplation of a future civil suit. Plaintiff's effort has expanded, however, by means of numerous submissions he has subsequently filed in this action, into an effort to procure information, via Rule 27, from Drake, his associates, businesses, and other individuals and businesses. In addition, Plaintiff has filed submissions in an effort to give the Court his own opinion or commentary about Drake, Drake's social interactions, Drake's social-media content, the recording industry, digital music streaming services, and Plaintiff's own efforts to become a recording artist and his own financial situation. Plaintiff has filed over 80 submissions, some of which seek relief, including immediate relief, and some that do not seek any relief but rather provide the Court with Plaintiff's commentary and opinion as "background," "context," and/or "evidence" as to his grounds for relief. The Court treats of all of Plaintiff's submissions as one combined operative pleading for this action.

By order dated September 18, 2025, the court granted Plaintiff leave to proceed without prepayment of fees, that is, leave to proceed *in forma pauperis* ("IFP"). For the reasons discussed below, the Court dismisses this action and denies all of Plaintiff's motions and other requests for relief. In addition, the Court directs Plaintiff to show cause, by declaration, within 30 days of the date of this order, why the Court should not bar Plaintiff from filing, in this court, any future civil action IFP or any other non-*habeas corpus* proceeding cognizable under the Federal Rules of Civil Procedure, including any proceeding under Rule 27, IFP, without first obtaining the court's leave to do so.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

### A. Plaintiff's other efforts to seek Rule 27 relief in this court

#### 1. *Reyna v. Universal Music Grp., N.V.*, No. 1:25-CV-6779 (LLS)

Two days after Plaintiff filed this action, on August 14, 2025, Plaintiff filed another *pro se* action in this court, seeking Rule 27 relief against, among others, Universal Music Group N.V., which is one of the entities that Plaintiff seeks information from in the present action as

well. In an order dated December 15, 2025, this Court dismissed that other action *sua sponte*. *Reyna v. Universal Music Grp., N.V.*, No. 1:25-CV-6779 (LLS), 2025 WL 3650775 (S.D.N.Y. Dec. 15, 2025) ("*Reyna I*").

In that order, the Court noted that Plaintiff,

> [s]ince 2010, . . . has continuously used the mark JOECAT® as a professional recording artist, for music releases, on-air and broadcast appearances, digital streaming, live events, branded promotion, and nonprofit activities. He asserts that . . . Universal Music Group and UMG Recordings, Inc., through "authorship erasure," "metadata suppression," royalty diversion, and "algorithmic suppression," have infringed, diluted, and harmed the JOECAT® trademark.

*Id.* at *1. The Court also noted that:

> [Plaintiff] . . . indicate[d] that he anticipate[d] bringing an action against [the opposing parties] for trademark dilution and Lanham Act violations, fraudulent concealment, antitrust violations under the Sherman Act, civil Racketeer Influenced and Corrupt Organizations (RICO) Act violations, deceptive practices under the Federal Trade Commission (FTC) Act and NY General Business Law, and unjust enrichment. [He] style[d] th[at] action as a petition, under Rule 27 . . . , to perpetuate testimony and preserve documents and electronically stored information in anticipation of such an action against [the opposing parties] . . . .
>
> [Plaintiff] contend[ed] that loss of evidence [was] imminent due to industry-wide autodeletion protocols, corporate resignations, shell dissolutions, and statutory "reporting resets" that [would] occur . . . . He [also] contend[ed] that there [was] a risk of destruction of evidence due to systemic issues . . . .
>
> In addition [to his original initiating submission, Plaintiff] . . . continuously submitted additional pleadings in th[at] action, often multiple times per day.

*Id.* at *1-2. The Court further noted Plaintiff's litigation history in this court and in other courts, including filing injunctions issued by the United States District Court for the Western District of Texas. *Id.* at *2

In dismissing *Reyna I*, the Court noted that the Western District of Texas had also informed Plaintiff of the requirements to fulfill when seeking Rule 27 relief. *See id.* at *3 n.4 (citing and quoting *Reyna v. Wells Fargo Bank, N.A.*, No. A-25-CV-1356, 2025 WL 3511299, at *2 (W.D. Tex. Oct. 27, 2025), *report & recommendation adopted in part and rejected in part*,

2025 WL 3504924 (W.D. Tex. Dec. 5, 2025) (rejecting recommendation for a filing injunction because one had already been imposed on Plaintiff by that court in a separate action), *aff'd*, No. 26-50018, 2026 WL 1365083 (5th Cir. May 15, 2026)).

The Court made clear to Plaintiff that "[c]ourts in this Circuit have held that 'Rule 27 contemplates only the perpetuation of testimony, not document preservation,'" but that "[s]ome district courts have noted that documentary evidence may be discoverable under Rule 27 *in connection with* a deposition." *Id.* at *3 (citations omitted).

Among the reasons that the Court dismissed *Reyna I* was because Plaintiff made clear that he sought "general discovery of evidentiary material, rather than . . . preserv[ation] [of] known deposition testimony. He contend[ed] that [he was] unable to formulate or plead a complete complaint for damages without the evidence sought to be preserved . . . ." *Id.* The Court, however, observed that "general pre-suit discovery is not a proper basis for a Rule 27 [action]." *Id.* (citations omitted). The Court expressed, as additional reasons for dismissal, that Plaintiff's *Reyna I* submissions did:

> not have a "focused explanation of what [Plaintiff] anticipate[d] any testimony would demonstrate." [He] . . . suggest[ed] that evidentiary material might be lost due to general industrywide auto-deletion protocols, corporate resignations, shell dissolutions, and statutory reporting resets that [would] occur . . . . Moreover, the primary thrust of the petition [was] the preservation of documentary evidence, which alone is not a proper basis for a Rule 27 petition.

*Id.* at *4 (citations omitted).

The Court dismissed *Reyna I sua sponte* without leave to replead, noting that Plaintiff "ha[d] previously brought Rule 27 petitions that were dismissed on grounds similar to those identified [in *Reyna I*]." *Id.* (citations omitted).

**2. *In re: Joseph Anthon Reyna*, No. 1:25-MC-0574 (JPO)**

On December 8, 2025, days before the Court issued its December 15, 2025 dismissal of *Reyna I*, Plaintiff filed another *pro se* action seeking Rule 27 relief in this court. While that action was originally filed as a regular civil action, the court directed that it be closed and then refiled as a miscellaneous action. *In re: Joesph Reyna*, ECF 1:25-CV-10171, 4 (S.D.N.Y. Dec. 11, 2025). That action was refiled as a miscellaneous action known as *In re: Joseph Anthony Reyna*, 1:25-MC-0574 (JPO) ("*Reyna II*"), which has been presided over by District Judge J. Paul Oetken of this court.

In *Reyna II*, Plaintiff made allegations similar to those he made in *Reyna I*, but this time, he sought:

> to "prevent foreseeable loss of digital evidence during ongoing and imminent restructuring in the film, television, music, and streaming-platform sectors." In particular, Reyna [was] concerned with (1) a vertical merger between AT&T and Time Warner; (2) AT&T's divestiture of Warner Media and its merger into Warner Bros. Discovery; (3) Netflix's acquisition of Warner Bros. Discovery; (4) Sony Group Corporation's "vertically integrated stack across film, music, gaming, and Hardware"; and (5) the governing of "routing algorithms, metadata ingestion, catalog visibility, and digital rights management environments" by Universal Music Group, YouTube/Google, and digital distributors. As "the relevant restructuring [was] not complete," Reyna allege[d] that he [could not] yet bring any contemplated action, but he allege[d] that any future action [would] require access to certain data including metadata revision histories, rights-management logs, and catalog-migration logs. He also allege[d] that the above-mentioned mergers risk foreseeable loss of relevant information. Accordingly, he [sought] an order from this Court that would require the custodians of such information to preserve that information "until a future action may be filed."

*In re: Joseph Anthony Reyna*, No. 1:25-MC-0574 (JPO), 2026 WL 880517, at *1 (S.D.N.Y. Mar. 30, 2026) (citations omitted).

On March 30, 2026, Judge Oetken dismissed *Reyna II sua sponte* because Plaintiff did not "seek the production of evidence or perpetuation of testimony . . . [but] instead request[ed] only preservation of documents." *Id.* at *2 (noting that "courts in this district have denied Rule

27 petitions that seek *only* to preserve documentary evidence." (citing cases)). Judge Oetken also dismissed *Reyna II* because Plaintiff had "fail[ed] to adequately allege that he has 'file[d] [the] verified petition in the district court for the district where any expected adverse party resides,' as required by Rule 27." *Id.* (quoting Fed. R. Civ. P. 27(a)(l)). Judge Oetken further dismissed *Reyna II* because Plaintiff "fail[ed] to show 'the substance of the proposed [documents] and the reasons why it is important.'" *Id.* at *3 (citation omitted). Specifically, Judge Oetken held that Plaintiff "fail[ed] to provide a 'focused explanation of what [he] anticipate[d] any testimony [or documents] would demonstrate." *Id.* (citation omitted). In light of Plaintiff's *pro se* status, however, Judge Oetken gave Plaintiff leave to amend; *Reyna II* remains pending.

**B. The present action**

The present action, though filed before *Reyna I* and *Reyna II*, is more of the same as far as the relief sought, except that Plaintiff's focus is Drake, his associates, businesses, and other individuals and businesses. Plaintiff does not specify where Drake resides, but states that he is a citizen of Canada, that Drake holds a Texas drivers' license and owns real property in Texas, and that Drake also has an address in Los Angeles, California.

As noted above, Plaintiff has filed over 80 submissions. Many of them were filed on the same day. Three of them are over 100 pages long; two of these submissions are over 300 pages long. Most of these submissions were filed after December 15, 2025, when the Court dismissed *Reyna I*.

## DISCUSSION

**A. The Court dismisses this action for the same reasons the court has done before**

The Court dismisses this action for the same reasons that the Court dismissed *Reyna I*, that is, because Rule 27 is not a vehicle by which one seeks "general discovery of evidentiary material, rather than . . . preserv[ation] [of] known deposition testimony." *Reyna*, 2025 WL

3650775, at *3. In addition, the Court dismisses this action because Plaintiff "does not have a 'focused explanation of what [he] anticipate[s] any testimony would demonstrate.'. . . [T]he primary thrust of [this action] is the preservation of documentary evidence, which alone is not a proper basis for a Rule 27 petition." *Id.* at *4.

The Court also dismisses the present action for some of the same reasons set forth by Judge Oetken in *Reyna II*, that is, because: (1) as in *Reyna I*, Plaintiff "requests only preservation of documents"; and (2) even if he does seek testimony and/or other permissible information, he also has "fail[ed] to adequately allege that he has 'file[d] [the] verified petition in the district court for the district where any expected adverse party resides,' as required by Rule 27." *In re: Joseph Anthony Reyna*, 2026 WL 880517, at *2. Accordingly, the Court dismisses this action.[1]

**B. Leave to amend is denied**

Federal district courts generally grant a *pro se* plaintiff an opportunity to amend an initiating document to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's submissions cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**C. Order to show cause**

As discussed above, Plaintiff filed the present action before he filed *Reyna I* and *Reyna II*. He did not, however, withdraw the present action after the Court dismissed *Reyna I* — an action in which he sought similar relief under Rule 27 in a similar manner, and that this Court

---

[1] As the Court previously observed in *Reyna I*, "[a]lthough this [action] might . . . have been treated as a miscellaneous action, because the Court determines for the reasons explained [above] that [this action] must be dismissed, there is no reason to have this civil action closed and then reopened as a miscellaneous action." *Reyna*, 2025 WL 3650775, at *2.

dismissed *sua sponte* for similar, if not, the same reasons. In fact, most of Plaintiff's more than 80 submissions that he filed in the present action were filed *after* the Court dismissed *Reyna I*.

The Court and Judge Oetken, in *Reyna I* and in *Reyna II*, have made Plaintiff aware of the requirements for Rule 27 relief. And before that, but after Plaintiff filed the present action, the United States District Court for the Western District of Texas imposed on Plaintiff filing injunctions due to his vexatious litigation in that court, including litigation seeking Rule 27 relief. *See Reyna v. Block, Inc.*, No. 1:25-CV-1402, 2025 WL 3190679 (W.D. Tex. Oct. 1, 2025), *report & recommendation adopted*, 2025 WL 3048972 (W.D. Tex. Oct. 30, 2025) (Plaintiff "is **BARRED** from filing future complaints in the Western District of Texas without obtaining prior approval from a district or magistrate judge."), *aff'd*, No. 25-50966, 2026 WL 1388721 (5th Cir. May 18, 2026) (warning Plaintiff "that future frivolous, repetitive, or otherwise abuse filings can and will result in sanctions by this court, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings here and in any district court subject to this court's jurisdiction"); *Reyna v. Capital One Fin. Corp.*, No. 1:25-CV-1498, 2025 WL 3134296 (W.D. Tex. Oct. 1, 2025) (Rule 27 action), *report & recommendation adopted*, 2025 WL 3132239 (W.D. Tex. Nov. 6, 2025) (same filing injunction as above); *Reyna v. Nelson*, No. A-25-CV-1676, 2025 WL 3200764 (W.D. Tex. Oct. 27, 2025), *report & recommendation adopted*, 2025 WL 3198187 (W.D. Tex. Nov. 13, 2025) (same filing injunction as above), *aff'd*, No. 26-50004, 2026 WL 1896211 (5th Cir. July 1, 2026); *see also Reyna v. Meta Platforms Inc.*, No. 3:25-CV-3562, 2026 WL 569037 (N.D. Tex. Jan. 26, 2026) (Plaintiff "should be **BARRED** from filing future actions in this Court without first paying the filing fee and obtaining leave of court to do so, and any case filed, removed, or transferred without the applicable filing fee and obtaining

leave of court (in which he is the plaintiff) should not be reviewed by the Court."), *report & recommendation adopted*, 2026 WL 565323 (N.D. Tex. Feb. 27, 2026).

In light of the abovementioned litigation history and Plaintiff's continued filing of numerous submissions in this action after *Reyna I* had been dismissed—sometimes, on multiple occasions in one day—the Court directs Plaintiff to show cause, by affirmation, within 30 days, why the Court should not bar Plaintiff from filing, in this court, any future civil action IFP or other non-*habeas corpus* proceeding cognizable under the Federal Rules of Civil Procedure, including any other Rule 27 proceeding, IFP, without first obtaining the court's leave to do so. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within 30 days of the date of this order, Plaintiff must file with the court a declaration setting forth good cause why such a filing injunction should not be imposed upon him. If he fails to file such a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why the filing injunction should not be entered, the Court will bar Plaintiff from filing, in this court, any future civil action IFP or other non-*habeas corpus* proceeding cognizable under the Federal Rules of Civil Procedure, including any other Rule 27 proceeding, IFP, without first obtaining the court's leave to do so.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order. The Court denies Plaintiff's attempt to seek relief, and thus, information, under Rule 27 of the Federal Rules of Civil Procedure because Plaintiff has not complied with that rule's requirements.

Accordingly, the Court denies all of Plaintiff's pending motions and other requests for relief. The Court therefore directs the Clerk of Court to terminate all pending motions, including

ECF 12, 14, 16, 18, 56, 65, 69, 70, 77, 79, 82, and 87. As Plaintiff offers no reason why any of his submissions should be sealed or otherwise restricted from public viewing, the Court directs the Clerk of Court to release any electronic restrictions placed, pending adjudication, on the public viewing of any of Plaintiff's submissions filed in this action, including ECF 36 ("Plaintiff's Sealed Submission of Third-Party Video Material, Transcript Summary, and Context Memorandum").

The Court directs Plaintiff to show cause, by affirmation, within 30 days, why the Court should not bar Plaintiff from filing, in this court, any future civil action IFP or any other non-*habeas corpus* proceeding cognizable under the Federal Rules of Civil Procedure, including any other Rule 27 proceeding, IFP, without first obtaining the court's leave to do so. An affirmation form is attached to this order.

If Plaintiff fails to file such a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why the filing injunction should not be entered, the Court will bar Plaintiff from filing, in this court, any future civil action IFP or any other non-*habeas corpus* proceeding cognizable under the Federal Rules of Civil Procedure, including any other Rule 27 procedure, IFP, without first obtaining the court's leave to do so.

The Court directs the Clerk of Court to hold this matter open on the docket.

SO ORDERED.

Dated: August 10, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.