UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH ANTHONY REYNA, Plaintiff, -against- AUBREY DRAKE GRAHAM, Defendant. | 1:25-CV-6777 (LLS) BAR ORDER UNDER 28 U.S.C. § 1651 |

LOUIS L. STANTON, United States District Judge:

By order dated August 10, 2026, and entered on August 12, 2026, the Court dismissed this action *sua sponte*; the Court specifically denied Plaintiff's attempt to seek relief, and thus, information under Rule 27 of the Federal Rules of Civil Procedure ("Rule 27') because Plaintiff, who appears *pro se* and proceed *in forma pauperis* ("IFP"), had not complied with that rule's requirements. (ECF 88.) The Court also denied all of Plaintiff's then-pending motions and other requests for relief in this action. (*Id.*) The Court further directed the Clerk of Court to release any electronic restrictions placed, pending adjudication, on the public viewing of any of Plaintiff's submissions filed in this action. (*Id.*) The Court additionally directed Plaintiff to show cause, by affirmation, within 30 days, why the Court should not bar him from filing, in this court, any future civil action IFP or any other non-*habeas corpus* proceeding cognizable under the Federal Rules of Civil Procedure, including any other Rule 27 proceeding, IFP, without first obtaining the court's leave to do so. (*Id.*)

On September 15, 2026, four days after the abovementioned 30-day period had expired, at the latest, on September 11, 2026 (30 days from the date of entry of the abovementioned order), Plaintiff filed an affirmation in response to that order. (ECF 89.) In that affirmation, Plaintiff seems to ask for the Court to accept the affirmation, despite its untimeliness, and also

contends that, if the Court is to impose a filing injunction upon him, that it be more narrowly tailored than the one proposed by the Court in its August 10, 2026 order. (*See id.*)

While the special solicitude due to *pro se* litigants "does not require [courts] to excuse failure to comply with understandable procedural rules and mandatory deadlines," *Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021) (footnote omitted), it does include "liberal construction" of a *pro se* litigant's submissions and "leniency in the enforcement of . . . procedural rules," *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). Accordingly, in light of Plaintiff's *pro se* status, the fact that his affirmation acknowledges its untimeliness and asks for the Court's acceptance nonetheless, and that it is untimely by only four days, the Court construes Plaintiff's affirmation as seeking an extension of time with respect to its filing. The Court grants that request and accepts the affirmation as timely filed.

For the reasons set forth below, however, the Court imposes upon Plaintiff the filing injunction proposed by the Court in its August 10, 2026 order.

## DISCUSSION

In his affirmation, Plaintiff argues that the Court's proposed filing injunction is overbroad. (*See* ECF 89, 6-12.) The factors that a court must consider when deciding whether to impose a filing injunction are the following:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).

The Court, in its August 10, 2026 order, recounted Plaintiff's relevant non-meritorious litigation history, both within this court and in other federal courts, including federal district

courts located in Plaintiff's home state of Texas and in the United States Court of Appeals for the Fifth Circuit. (ECF 88, at 7-9.) The Court noted that it had already dismissed one other *pro se* action that Plaintiff had filed in this court after he had filed this action in which he had sought similar relief under Rule 27. (*Id.* at 2-4, 7-8.) The Court also noted that it had dismissed that other action for similar, if not, the same reasons that it was dismissing this action, and, though notified of the dismissal of his other action, Plaintiff had still not withdrawn this action, but, rather, filed more than 80 submissions in this action *after* the Court had dismissed that other action. (*Id.* at 7-8.) The Court also noted that, in that other action and in still another *pro se* action that Plaintiff had filed in this court after he had filed this action, the court had "made Plaintiff aware of the requirements for Rule 27 relief." (*Id.* at 8; *see id.* at 2-6.) The Court then recounted Plaintiff's relevant non-meritorious litigation histories in the United States District Courts for the Western and Northern Districts of Texas, and in the Fifth Circuit. (*Id.* at 8.) The Court noted that, after Plaintiff had filed this action, the Western District of Texas had imposed multiple filing injunctions upon him (including in at least one action in which Plaintiff had sought Rule 27 relief), the Northern District of Texas had also imposed a filing injunction upon him, and that the Fifth Circuit had warned him of the possibility of that court imposing a filing injunction upon him. (*Id.* 8-9.) The Court noted, as reasons for contemplating the proposed filing injunction, "Plaintiff's abovementioned litigation history and [his] continued filing of numerous submissions in this action after [his other abovementioned similar Rule 27 action brought in this court] had been dismissed." (*Id.*) Thus, it would appear that the first two abovementioned factors weigh in favor of imposing the proposed filing injunction.

As to the third factor, Plaintiff has appeared *pro se* in this action and in all of the other abovementioned actions brought in this court and in the other federal courts. (*Id.* at 2-6, 7-9.) As

the Second Circuit has observed, "*pro se* litigants, in many cases, are entitled to special solicitude, but we have not altogether 'excuse[d] frivolous or vexatious filings by *pro se* litigants.'" *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 715 (2d Cir. 2019) (citation omitted). The Second Circuit has also observed that "it [can be] appropriate to charge a *pro se* litigant with knowledge of, and therefore withdraw special [solicitude] status in relation to, particular requirements with which he is familiar as a result of his extensive prior experience in the courts." *Sledge v. Kooi*, 564 F.3d 105, 109 (2d Cir. 2009). Indeed, "it is certainly possible that a *pro se* litigant may be sufficiently experienced as to justify a court affording him only minimal solicitude and, at least under certain circumstances, a litigant's experience and knowledge may even justify complete withdrawal of solicitude for the entirety of an action." *Tracy v. Freshwater*, 623 F.3d 90, 103 (2d Cir. 2010). Yet, a court may be "unwilling to endorse the general withdrawal of such solicitude for the entirety of the action on the basis of [the *pro se* litigant's] repeated earlier participation in only some aspects of litigation." *Id.*

Here, Plaintiff's relevant litigation history has made clear that, notwithstanding his *pro se* status, in this court or in other federal courts, Plaintiff has persisted in litigating, even if warned or otherwise notified that such litigation (which has not been limited to Rule 27 litigation) is non-meritorious and could lead to the imposition of a filing injunction. (*See* ECF 88, at 2-6, 7-9.) Thus, if the special solicitude that Plaintiff is normally due as a *pro se* litigant is to be deemed reduced or withdrawn in any manner, it should be so deemed at least in regard to any actions in which he has continued to litigate though he has been informed, via his other litigation, that such actions lack merit. This action is an example of such. (*See id.*) Accordingly, though Plaintiff proceeds *pro se* in this action, he is not due any special solicitude with regard to his persistence

in litigating this action after having been informed, via his other litigation, of its lack of merit and, therefore, his *pro se* status does not weigh against imposing the proposed filing injunction.

With respect to the fourth factor, Plaintiff's abovementioned history of non-meritorious litigation in this court and in other federal courts, including the warning and the already-imposed filing injunctions, have made clear the "unnecessary burden . . . the courts and their personnel," *Safir*, 792 F.2d at 24, have already had to bear with respect to considering and adjudicating Plaintiff's non-meritorious litigation in this court and in other federal courts, including this action, *see Hermes of Paris, Inc. v. Swain*, No. 20-3451-cv, 2021 WL 5170726, at *3 (2d Cir. Nov. 8, 2021) (summary order) (holding that the litigant "undoubtedly caused . . . an unnecessary burden on federal and state courts through his repeated filings"). Thus, the fourth factor weighs in favor of imposing the proposed filing injunction.

As to the fifth factor—which addresses the question of whether the proposed filing injunction, as opposed to another type of sanction, "would be adequate to protect the courts and other parties," *Safir*, 792 F.2d at 24—it is important to note that all of Plaintiff's previous abovementioned non-meritorious actions brought in this court—and in other federal district courts—that were mentioned in the Court's August 10, 2026 order, as well as this action, are actions in which the courts allowed Plaintiff to proceed IFP. The ability of a federal-court litigant to proceed IFP is a "privilege," *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983); *Cucco v. BOP*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (Pauley, D.J.), not a right. The proposed filing injunction does not altogether ban Plaintiff from enjoying that privilege in this court—it merely subjects his enjoyment of it with respect to bringing, in this court, any future civil action or any other non-*habeas corpus* proceeding cognizable under the Federal Rules of Civil Procedure, including any other Rule 27 proceeding, to the court's leave. Moreover, the proposed filing

injunction's application to all of those types of litigation, as opposed to a more narrowly tailored subset of litigation (such as just Rule 27 litigation), is not overbroad. This is because, as indicated in the Court's August 10, 2026 order, while Plaintiff's relevant non-meritorious litigation in this court has been limited to Rule 27 litigation, his relevant non-meritorious litigation in the federal district courts in Texas and in the Fifth Circuit—for which filing injunctions have been imposed on him and about which he has been warned—have not been limited to Rule 27 litigation. (*See* ECF 88, at 8-9.) Accordingly, if the Court does not impose the proposed filing injunction, and merely imposes a more narrowly tailored one (such as one limited to future Rule 27 litigation in this court), such a narrowly tailored filing injunction will likely prove to be an inadequate means to deter or prevent Plaintiff from filing future non-meritorious litigation in this court IFP of almost any sort, as he has previously shown he can file. (*See id.*) Thus, the fifth factor weighs in favor of imposing the proposed filing injunction.

Accordingly, because the Court has determined that Plaintiff, "who has a history of vexatious litigation[,] is likely to continue to abuse the judicial process," *Safir*, 792 F.2d at 24, and because a "court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation," *Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985), the Court imposes the proposed filing injunction upon Plaintiff. The Court therefore bars Plaintiff from filing, in this court, any future civil action IFP or any other non-*habeas corpus* proceeding cognizable under the Federal Rules of Civil Procedure, including any other Rule 27 proceeding, IFP, without first obtaining the court's leave to do so.

**CONCLUSION**

The Court construes Plaintiff's affirmation as seeking an extension of time with respect to its filing. The Court grants that request and accepts the affirmation as timely filed.

The Court hereby bars Plaintiff from filing, in this court, any future civil action IFP or any other non-*habeas corpus* proceeding cognizable under the Federal Rules of Civil Procedure, including any other Rule 27 proceeding, IFP, without first obtaining the court's leave to do so. *See* 28 U.S.C. § 1651. When commencing any future civil action or other non-*habeas corpus* proceeding cognizable under the Federal Rules of Civil Procedure in this court in which he attempts to proceed IFP, Plaintiff must attach a copy of his proposed complaint or other initiating document and a copy of this order to a motion in which he seeks leave to file. That motion, along with his complaint (or other initiating document) and IFP application, must be filed with the Pro Se Intake Unit of this court. If Plaintiff violates this order and files a civil action or other non-*habeas corpus* proceeding cognizable under the Federal Rules of Civil Procedure in this court in which he seeks to proceed IFP, but without also filing a motion for leave to file, the court will dismiss that action or proceeding for failure to comply with this order.

Plaintiff is further warned that the continued submission of frivolous documents in this court and the continued filing of non-meritorious civil actions and/or other proceedings in this court may result in the imposition of additional sanctions, including monetary penalties. *See id.*

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in the Court's August 10, 2026 order and noting that, pursuant to this order, Plaintiff is barred from filing, in this court, any future civil action IFP or any other non-*habeas*

*corpus* proceeding cognizable under the Federal Rules of Civil Procedure, including any other Rule 27 proceeding, IFP, without first obtaining the court's leave to do so.

SO ORDERED.

Dated: October 24, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.