**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

JOSEPH ANTHONY REYNA,

Plaintiff,

-against-

AUBREY DRAKE GRAHAM,

Defendant.

-------------------------------------------------------------X

25 **CIVIL** 6777 (LLS)

# <u>JUDGMENT</u>

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated October 24, 2026, and the Court's Order dated August 10, 2026, the Court construes Plaintiff's affirmation as seeking an extension of time with respect to its filing. The Court has granted that request and has accepted the affirmation as timely filed. The Court hereby bars Plaintiff from filing, in this court, any future civil action IFP or any other non-*habeas corpus* proceeding cognizable under the Federal Rules of Civil Procedure, including any other Rule 27 proceeding, IFP, without first obtaining the court's leave to do so. *See* 28 U.S.C. § 1651. When commencing any future civil action or other non-*habeas corpus* proceeding cognizable under the Federal Rules of Civil Procedure in this court in which he attempts to proceed IFP, Plaintiff must attach a copy of his proposed complaint or other initiating document and a copy of the order to a motion in which he seeks leave to file. That motion, along with his complaint (or other initiating document) and IFP application, must be filed with the Pro Se Intake Unit of this court. If Plaintiff violates the order and files a civil action or other non-*habeas corpus* proceeding cognizable under the Federal Rules of Civil Procedure in this court in which he seeks to proceed IFP, but without also filing a motion for leave to file, the court will dismiss that action or proceeding for failure to comply with the order. Plaintiff is further warned that the

continued submission of frivolous documents in this court and the continued filing of non-meritorious civil actions and/or other proceedings in this court may result in the imposition of additional sanctions, including monetary penalties. *See id.* Judgment is entered dismissing this action for the reasons set forth in the Court's August 10, 2026 order and noting that, pursuant to the order, Plaintiff is barred from filing, in this court, any future civil action IFP or any other non-*habeas corpus* proceeding cognizable under the Federal Rules of Civil Procedure, including any other Rule 27 proceeding, IFP, without first obtaining the court's leave to do so.

**Dated:** New York, New York

November 2, 2026

**TAMMI M. HELLWIG**

**Clerk of Court**

**BY:** K. Mango

**Deputy Clerk**